# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARTIN L. COHEN,** | |
| **Plaintiff,** | **Civil Action No. 19-00764-ES-ESK** |
| **v.** | |
| **INTERNAL REVENUE SERVICE,** | **ORDER** |
| **Defendant.** | |

     **THIS MATTER** having come before the Court on plaintiff's request (ECF No. 51) for reconsideration of the Court's order of February 3, 2020 staying discovery (ECF No. 50); and the Court having considered the request; and finding that:

     1.    On April 30, 2019, defendant Internal Revenue Service (the "IRS") filed a motion to dismiss (the "First Motion"). (ECF No. 3.)

     2.    On May 20, 2019, while the First Motion was pending, plaintiff filed a first amended complaint. (ECF No. 7.) As a result, on May 21, 2019, the First Motion was terminated as moot. (ECF No. 9.)

     3.    On August 5, 2019, plaintiff, without obtaining leave from the Court, filed a second amended complaint. (ECF No. 16.)

     4.    By letter of August 8, 2019, plaintiff advised the Clerk of the Court that he had "mistakenly filed a Second Amended Complaint" and that he sought "to withdraw, revoke, and/or nullify this document from consideration at this time." (ECF No. 17.)

     5.    The IRS filed a motion to dismiss the amended complaint on November 19, 2019 (the "Second Motion"). (ECF No. 29.) In the Second Motion, the IRS argues that sovereign immunity bars this action and the amended complaint fails to state a claim upon which relief can be granted. (*Id.*)

     6.    By letter dated November 22, 2019, the IRS requested a stay of discovery pending resolution of the Motion. (ECF No. 31.)

7.     The Court conducted a hearing on the record on January 31, 2020 with plaintiff and counsel for the IRS concerning the request for a stay of discovery. (Docket entry after ECF No. 49.)

8.     After having heard the arguments of the parties, the Court entered an order on February 3, 2020 staying discovery pending the resolution of the Motion. (ECF No. 50.)

9.     This Court has the discretion to stay a proceeding whenever "the interests of justice" mandate "such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). The Court's authority "to control the disposition of the causes on its docket with economy of time and effort" implicitly carries with it "the power to stay proceedings[.]" *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In making such a determination, courts "must weigh competing interests" and strive to "maintain an even balance[,]" *id.* at 255, mindful that the stay of a civil proceeding constitutes "an 'extraordinary remedy.'" *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F.Supp.2d 523, 526 (D.N.J. 1998).

10.     A stay, pending resolution of the Second Motion is appropriate because: (1) a stay will not prejudice plaintiff or cause a tactical disadvantage to plaintiff[1]; (2) denial of a stay would create a hardship for defendant if it were required to engage in discovery that would be moot if the Second Motion were granted; (3) a stay would simplify issues for trial because if the Second Motion is granted, there would be no need for a trial; and (4) no trial date has been set. *See Akishev v. Kapustin*, 23 F.Supp.3d 440, 446 (D.N.J. 2014).


**IT IS** on this  13th day of February 2020  **ORDERED** that plaintiff's request for reconsideration is **DENIED**.

   _/s/ Edward S. Kiel_
   **Edward S. Kiel**
   **United States Magistrate Judge**

---

[1] Plaintiff argues that he should be permitted to proceed with discovery to "clearly identify [other] potential defendants" and obtain some "limited discovery in order to see how discovery may effect newly discovered jurisdictional facts." (ECF No. 51 at 1.) Because the Second Motion is based on sovereign immunity and the alleged failure to state a claim, discovery relating to "jurisdictional facts" or other potential witnesses will not have a bearing on the resolution of the Second Motion. Plaintiff, moreover, has not articulated how the discovery he seeks would impact the resolution of the Second Motion or how the stay would work a tactical advantage for the IRS.