# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

---

**MARTIN L. COHEN**,

      Plaintiff,

   v.

**INTERNAL REVENUE SERVICE and
UNKNOWN CO-CONSPIRATOR,**

     Defendants.

---

Civ. No. 2:19-00764 (WJM)

**OPINION**

---

**WILLIAM J. MARTINI, U.S.D.J.:**

The United States of America, as the real party in interest and in place of the named Defendants, Internal Revenue Service ("IRS") and an unknown co-conspirator, moves for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) on the grounds that sovereign immunity bars suit and that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted. For the reasons stated below, Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.

## I.    BACKGROUND

Pro se Plaintiff Martin Cohen alleges that parties to a contentious estate litigation in which he is involved made false complaints against him to the IRS. Pl.'s Am. Compl., ECF No. 7, 6. Plaintiff states that he filed four whistleblower reports with the IRS and Treasury Department in an attempt to co-operate with the Government. *Id.* Plaintiff claims that the IRS went "on a rampage to destroy the Plaintiff's business, his livelihood as a college professor, and deprive him of any resources that can keep him from providing testimony and evidence in the estate litigation." *Id.* Specifically, Plaintiff states that he started to lose work and jobs after filing the whistleblower reports, that a "restaurant manager where [he] formerly worked asked, 'How did I get out of jail?'", that a supervisor at a college where he was employed as a professor asked him what he "did wrong" at his "last employer?", and a client for whom he does consulting accused him of being a "sexual deviant." ECF No. 1. Plaintiff concludes that the IRS sought to spread "derogatory information" about him as a means to mislead witnesses in advance of the state court proceeding, presumably related to the ongoing estate litigation. *Id.* Plaintiff alleges a scheme of tax extortion in violation of his Eighth Amendment rights and 26 U.S.C.

7214(a).  Plaintiff seeks $300,000 in damages for "pre-trial punishment, harassment, loss of property, and liberty."  ECF No. 7, 4.

## II.    DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action.  Fed.R.Civ.P. 12(b)(1).  In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject matter jurisdiction is proper.  *See United States v. Hays*, 515 U.S. 737, 743 (1995).  Plaintiff alleges that the IRS and an unnamed IRS employee violated the Eighth Amendment and section 7214(a) of the Internal Revenue Act by destroying his business and career as a college professor in order to keep the plaintiff from providing testimony and evidence in estate litigation.  Defendants argue that the Government has not waived its sovereign immunity under the Eighth Amendment of the United States Constitution or 26 U.S.C. § 7214(a).  The Court agrees.

The United States, its agencies and employees are immune from liability in all civil actions.  *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (citing *FDIC v.Meyer*, 510 U.S. 471, 475 (1994)).  Only a statute enacted by Congress can waive this immunity; the waiver must be explicit; and courts must strictly construe any such waiver in favor of the United States.  *Id*. at 261; *Lane v. Pena*, 518 U.S. 187, 192 (1996); *United States v. Nordic Village*, 503 U.S. 30, 33-34 (1992).  The doctrine of sovereign immunity is jurisdictional, operating as a complete bar to lawsuits against the government absent an explicit waiver. *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

Neither the United States nor its agencies have waived sovereign immunity for a damages claim for alleged Constitutional violations, including violations of the Eighth Amendment.  *See United States v. Testan*, 424 U.S. 392, 400–02 (1976).  A *Bivens*-type action under the Eighth Amendment for damages is not available to the plaintiff against a federal agency like the IRS.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994).  Likewise, a suit against a federal employee in his or her official capacity is interpreted as a suit against the sovereign and is therefore barred by sovereign immunity.  The plaintiff cannot circumvent the application of sovereign immunity by naming federal employees as defendants and alleging violations of constitutional rights.  *Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 366 (D.V.I. 1997), *aff'd sub nom. The Int'l Islamic Cmty. of Masjid Baytul-Khaliq, Inc. v. United States*, 176 F.3d 472 (3d Cir. 1999) ("they are in reality suits against the United States since any judgment would be paid out of the United States treasury.").  To the extent that this action can be construed as a *Bivens* action, the Third Circuit has rejected litigants' attempts to bring *Bivens* actions against individual IRS employees for damages challenging the Service's collection efforts outside a suit under 26 U.S.C. § 7433. *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 152–53 (3d Cir. 2000) (alleged violations of the Fifth Amendment protection of due process and equal protection in the course of auditing tax returns).

Similarly, 26 U.S.C. § 7214 does not contain an express waiver of sovereign immunity or a private right of action.  Section 7214 of the Internal Revenue Code

criminalizes acts of extortion committed by IRS employees.  26 U.S.C. § 7214 (a). Sovereign immunity nonetheless prevents a private citizen from suing IRS employees for alleged violations of section 7214. *Detwiler v. United States*, 406 F. Supp. 695, 700 (E.D. Pa. 1975), *aff'd*, 544 F.2d 512 (3d Cir. 1976) ("it is the intent of Congress that injuries to individuals resulting from 'willful oppression under color of law' by officers or employees of the Revenue Service are to be redressed in a criminal action brought by the United States"); *see also Whittington v. United States*, 867 F. Supp. 2d 102, 105 (D.D.C. 2012) ("Not only is § 7214 unenforceable through private civil actions, but § 7433 is also the exclusive damages remedy for the IRS's unlawful conduct…").

### III.    CONCLUSION

Because this Court lacks jurisdiction over Plaintiffs' First Amended Complaint, Defendants' Motion to Dismiss is **GRANTED.**  Plaintiff's First Amended Complaint is **DISMISSED WITH PREJUDICE**.


August 12, 2020


*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**