## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN L. COHEN, | |
| Plaintiff, | Civ. No. 2:19-00764 (WJM) |
| v. | |
| INTERNAL REVENUE SERVICE and UNKNOWN CO-CONSPIRATOR, | **OPINION** |
| Defendants. | |

**WILLIAM J. MARTINI, U.S.D.J.:**

*Pro se* Plaintiff Martin Cohen ("Plaintiff") moves for relief from judgment pursuant to Fed. R. Civ. P. Rule 60(b)(6). ECF No. 72. Plaintiff seeks to vacate this Court's August 12, 2020 Opinion and Order ("Dismissal Op. and Order"), ECF Nos. 66, 67, granting Defendants' Fed. R. Civ. P. 12(b)(1) motion to dismiss and dismissing Plaintiff's First Amended Complaint with prejudice for lack of subject matter jurisdiction. Plaintiff argues that subject matter jurisdiction does in fact exist because the Government waived sovereign immunity under the Federal Tort Claims Act ("FTCA") and that judicial staffing changes and improper case management resulted in mismanagement and bias. The Court has carefully reviewed both parties' submissions and decides the motions without oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, Plaintiff's motion for relief from judgment, ECF No. 72, is **DENIED**.

### I.      BACKGROUND

Plaintiff's initial complaint, which was filed on January 18, 2019, asserted claims against Defendants under the FTCA. ECF No. 1. However, Plaintiff filed a First Amended Complaint on May 20, 2019, replacing his FTCA claims with claims for damages under the Eighth Amendment of the United States Constitution and 26 U.S.C. § 7214(a). ECF No. 7. In the First Amended Complaint, Plaintiff alleged that the IRS and an unnamed IRS employee engaged in a scheme of tax extortion by destroying Plaintiff's business and career as a college professor in order to keep him from providing testimony and evidence in estate litigation. A more detailed recitation of the facts of this case is set forth in the Court's Dismissal Opinion and, for purposes of deciding this motion, need not be restated

here. Plaintiff subsequently filed a Second Amended Complaint on August 5, 2019, which he later withdrew. *See* ECF Nos. 16, 20.

On January 30, 2020, this matter was transferred from Magistrate Judge Hammer to Magistrate Judge Kiel, and then on July 28, 2020, it was reassigned from District Court Judge Salas to this Court. ECF No. 65.

Shortly thereafter, on August 12, 2020, upon motion by the United States of America, as the real party in interest and in place of the named Defendants, Internal Revenue Service ("IRS") and an unknown co-conspirator, this Court dismissed Plaintiff's First Amended Complaint. In reaching that decision, the Court explained that the United States, its agencies and employees are immune from liability in all civil actions and that the Government had not waived its sovereign immunity under the Eighth Amendment of the United States Constitution or 26 U.S.C. § 7214(a). Dismissal Op. at 2.

Plaintiff filed an appeal of that decision on August 28, 2020, ECF Nos. 69, 70, which he voluntarily dismissed on February 3, 2021. ECF No. 71. On July 2, 2021, nearly 11 months after the Dismissal Opinion and Order, Plaintiff filed the present motion to vacate the dismissal of his First Amended Complaint pursuant to Fed. R. Civ. P. Rule 60(b)(6).[1]

## II.   DISCUSSION

Rule 60(b)(6), which allows for relief from judgment for "any other reason that justifies relief," is a "catch-all provision" that is within the court's sound discretion. *Pierce Assoc., Inc. v. Nemours Foundation*, 865 F.2d 530, 548 (3d Cir. 1988). Such "broad powers" may be exercised "only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing *Sawka v. Healtheast, Inc.* 989 F.2d 138, 140 (3d Cir. 1993)). Accordingly, "[t]he movant under Rule 60(b) 'bears a heavy burden.'" *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991). The Third Circuit has further explained that:

> [t]his "hardship" requirement may sometimes be satisfied when the judgment "precluded an adjudication on the merits." *Boughner v. Sec'y of Health, Educ. & Welfare,* 572 F.2d 976, 978 (3d Cir. 1978). But extraordinary circumstances rarely exist when a party seeks relief from a judgment that resulted from the party's deliberate choices. *See, e.g., Coltec,* 280 F.3d at 274 ("[C]ourts have not looked favorably on the entreaties of parties trying

---

[1] Although the Court has already determined that it lacks jurisdiction over Plaintiff's First Amended Complaint, the Court has jurisdiction to decide the present motion because "a federal court always has jurisdiction to determine its own jurisdiction." *Brownback v. King*, 141 S. Ct. 740, 750 (2021) (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002)).

to escape the consequences of their own 'counseled and knowledgeable' decisions.")

*Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (footnote omitted) (emphasis added).

A.  <u>Waiver of Sovereign Immunity</u>

Plaintiff argues that the dismissal of his case should be vacated because jurisdiction is conferred by the Government's waiver of sovereign immunity under the FTCA. Although Plaintiff initially included the FTCA as grounds for his damages claim in his original Complaint, he subsequently opted to amend his Complaint to assert his damages claim under the Eighth Amendment and 26 U.S.C. § 7214 rather than the FTCA. Thus, while Plaintiff is *pro se*, he is a retired attorney, *see* ECF No. 72-1 at 5, who was clearly aware of the FTCA since this suit's inception, having raised it and then deliberately chosen a different path on which to assert his damages claim. Accordingly, Plaintiff cannot escape the consequence of his own decision to pursue relief under the Eighth Amendment and 26 U.S.C. § 7214 instead of the FTCA.[2]

B.  <u>Mismanagement and Bias</u>

According to Plaintiff, the "gravamen" of his Rule 60(b)(6) motion is that "mismanage[ment] and bias[]" resulted from "erratic" judicial staffing changes and improper case management by Magistrate Judges Hammer and Kiel. ECF No. 72-1 at 1-2. Upon review of Plaintiff's allegations, the Court finds that none of Plaintiff's complaints relating to the transfer or management of this case have any merit or rise to the level of "extraordinary circumstances" to warrant Rule 60(b)(6) relief as contemplated by the Third Circuit in *Cox.*

For instance, despite Plaintiff's contention that there was a violation of Fed. R. Civ. P. 73(a), which permits trial by a magistrate upon consent of the parties, there has been no trial in this matter and the assignment of magistrate judges to manage pretrial aspects of the case is authorized by law. *See* 28 U.S.C. § 636(b); L. Civ. R. 72.1. Also lacking any

---

[2] Similarly, to the extent that Plaintiff's Rule 60(b)(6) motion is a motion for reconsideration, a motion for reconsideration also cannot be "used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp.2d 349, 352 (D.N.J. 2001); *Warren v. Fisher*, 2013 WL 6805668, at *3 (D.N.J. Dec. 20, 2013) ("Reconsideration is not ... an opportunity to present new legal arguments that were available but not advanced when the underlying motion was decided."). Moreover, any motion for reconsideration is untimely. *See* L. Civ. R. 7.1(i) (requiring motion for reconsideration be filed within 14 days after entry of the order or judgment).

merit is Plaintiff's claim that Judge Hammer "assumed the role of advocate" and deprived him of due process by denying his motion to take judicial notice of certain documents. Notwithstanding that the Government did not file any opposition to that application by Plaintiff, Judge Hammer appropriately denied the motion because Plaintiff failed to specify the relevance of, or the need for, judicial notice of the documents at issue, many of which Plaintiff had already attached as exhibits to his First Amended Complaint. *See* ECF No. 22.

Equally without basis is Plaintiff's belief that Judge Kiel was biased because his motion for evidentiary hearing was to be heard only on the papers. First, Plaintiff ultimately withdrew that motion before it was decided. Second, the Clerk's Office message stating that Plaintiff's motion for an evidentiary hearing would be heard on the papers unless directed by the Court was automatically generated. Third, Fed. R. Civ. P. 78(b) permits a court to decide a motion without oral argument.

Next, Plaintiff insists vacating judgment is warranted because he was improperly denied discovery to ascertain the identity of the "unknown co-conspirator." However, Judge Kiel granted Defendants' request to stay discovery only after holding a hearing, weighing competing interests, and concluding that a stay of discovery pending resolution of Defendant's motion to dismiss for lack of subject matter jurisdiction would not result in prejudice or tactical disadvantage to Defendant. *See* ECF No. 52. Thus, Judge Kiel's decision to stay discovery shows no bias or injustice. *See* ECF No. 50.

Lastly, the Court notes that Plaintiff should have raised any objections to any pretrial orders within 14 days. *See* Fed. R. Civ. P. 72(a). Having failed to do so, Plaintiff cannot now "assign an error or defect in the order not timely objected to." *Id.*

In sum, none of Plaintiff's allegations of mismanagement and bias constitute "extraordinary circumstances" that justify revisiting the issue of sovereign immunity under an alternate theory that Plaintiff chose to abandon earlier in the litigation. Moreover, Plaintiff's mismanagement and bias allegations are, in any event, immaterial to the issue of whether this Court has jurisdiction over Plaintiff's First Amended Complaint.[3]

## III.   CONCLUSION

For the reasons noted above, Plaintiff has not met his burden to demonstrate "extraordinary circumstances" that warrant vacating this Court's August 12, 2020 Opinion and Order dismissing Plaintiffs' First Amended Complaint for lack of

---

[3] In his reply brief, Plaintiff reiterates his extortion claim and contends that the destruction of his personal property includes his financial interests. Neither of these issues are relevant to the disposition of the pending motion to vacate.

jurisdiction. Therefore, Plaintiff's motion for relief of a judgment or order pursuant to Fed. R. Civ. P. 60(b)(6) is **DENIED.**  An appropriate Order follows.

September 30, 2021

*/s/ William J. Martini*
_____

**WILLIAM J. MARTINI, U.S.D.J.**
